HILLIARD v. BEATTIE.

In a civil action, the venue may be changed when the court at the trial
term find that with reasonable effort a fair trial cannot be had in the
county in which the action is brought.

MOTION, to change the venue on the ground that a fair and impar-
tial trial cannot be had. The court, holding as matter of law that.
this must be made conclusively to appear, denied the motion, and the
defendant excepted.

*Fletcher & Heywood, Burns & Heywood*, and *E. Fletcher*, for the
plaintiff.

*Ray, Drew & Jordan, Benton*, and *Ladd*, for the defendant.

STANLEY, J. The ruling of the court is based upon *Cochecho R. R.*
v. *Farrington*, 26 N. H. 445 ; and if the word " conclusively," as
there used, is to receive its ordinary as well as its legal signification,
and that case is to be regarded as authority, the ruling of the court
was correct, and the exception must be overruled.

. *Conclusively* is defined by Webster as " decisively," " with final
determination." *Decisively* is defined by the same author, " in a
conclusive manner, to end deliberation, doubt, or contest." Bouvier
defines it as " that which cannot be disputed, that which cannot be
contradicted by any other evidence." 1 Law Dic. 260.

To give full force and effect to the language of the court in that
case, would be practically saying that in no case should there ever be
a change of venue. We are compelled to dissent from this view. It.
is to facilitate the ends of justice that courts change the venue. *Bo-
gert* v. *Hildreth*, 1 Caines 4, note *a*.

That cases may arise, where, from their very nature and the circum-
stances attending them and surrounding the parties, it would be prac-
tically impossible to arrive at the truth and do justice, is by no means
improbable. When, then, such a case arises, the course of justice re-
quires that the court, by the exercise of their power, should transfer
it to some county where the parties can " obtain right and justice
*   *   * completely, and without any denial, *   * * conformably
to the laws."

An examination of the authorities cited in *Cochecho R. R.* v. *Far-
rington, supra*, shows that they do not sustain the strong language
there used. In *Mylock* v. *Saladine*, 3 Burr. 1564, Lord MANSFIELD,
and WILMOT and YEATES, JJ., were " of opinion that in transitory actions
the court ought to change the venue, when it appears, upon the cir-
cumstances laid before them, that there is probable ground to appre-
hend that a fair and impartial, or at least a satisfactory, trial cannot
be had in the county where the action is brought." We think this is

the true rule. Not only is it essential to the preservation of the rights of all that there shall be an impartial administration of justice, and that those rights shall be determined by tribunals as impartial as the lot of humanity will admit, but it is also of almost if not quite equal importance that every person shall feel that he has had such a trial. That he will not so feel when probable ground exists to believe the contrary, is beyond dispute.

*Exception sustained.*

FOSTER and BINGHAM, JJ., did not sit.